# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

LINDSEY KENT SPRINGER,

     Movant,

v.                                   No. CV 14-0655 KG/CEG

UNITED STATES OF AMERICA,

     Respondent.

### MEMORANDUM OPINION AND ORDER OF DISMISSAL

This matter is before the Court, *sua sponte* under rules 1(b), 4 of the Rules Governing Section 2254 Cases and 28 U.S.C. § 1631, on Movant's Motion for Release Pending Disposition of 2255 Proceeding (Doc. 1). The motion invokes 28 U.S.C. §§ 1651, 2241, and 2255 for its jurisdictional basis. Movant originally filed the motion on July 11, 2014, in his Oklahoma (federal) criminal case and in a § 2255 proceeding that remains pending in the criminal case, *United States v. Springer*, No. CR 09-0043 SPF, Doc. 577; No. CV 13-0145 SPF/TLW (N.D. Okla.). The Oklahoma court dismissed Movant's § 2255 claims and transferred his § 2241 claims to this Court (Doc. 3). The Court construes the motion as a petition for writ of habeas corpus under 28 U.S.C. § 2241 (hereinafter the "petition"). Movant (hereinafter "Petitioner") contends that the sentence that was imposed in his criminal case, No. CR 09-0043 SPF, Docs. 336, 337, is plainly illegal--and, alternatively, about to expire--and he should be released pending final resolution of his § 2255 motion.

Petitioner is confined at FCI La Tuna, which is located within the boundaries of the Western District of Texas. *See* http://www.bop.gov/locations/institutions/lat/index.jsp; *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992). Because Petitioner is confined in Texas, his

§ 2241 petition may not be adjudicated in this district.   *See Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004) ("a § 2241 habeas petitioner . . . should name his warden as respondent and file the petition in the district of confinement").   As stated by the Court of Appeals for the Tenth Circuit, a district court does not have jurisdiction of a petition under § 2241 unless the petitioner is confined in the same district.   *See Montalvo v. Werlizh*, 461 F. App'x 818, 819 (10th Cir. 2012).

> A petition under 28 U.S.C. § 2241 must be filed in the district where the prisoner is confined.
> Jurisdictional defects that arise when a suit is filed in the wrong federal district may be cured by transfer under the federal transfer statute, 28 U.S.C. § 1631, which requires a court to transfer an action "if the transfer is in the interest of justice." We are "authorized to consider the consequences of a transfer by taking 'a peek at the merits' to avoid raising false hopes and wasting judicial resources that would result from transferring a case which is clearly doomed."

*United States v. Lee*, 4 F. App'x 643, 645 (10th Cir. 2001) (quoting *Haugh v. Booker*, 210 F.3d 1147, 1149, 1150 (10th Cir. 2000)).   This Court, therefore, must transfer Petitioner's petition to the district of his confinement or dismiss it without prejudice.   *See United States v. Scott*, 803 F.2d 1095, 1096-97 (10th Cir. 1986) (per curiam); *Haugh v. Booker*, 210 F.3d at 1150; *Trujillo v. Williams*, 465 F.3d 1210, 1223 n. 16 (10th Cir. 2006); *and see In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008) (applying *Trujillo* in determining whether to transfer second § 2255 motion to court of appeals).

The Tenth Circuit has noted several factors that should be considered in determining whether to transfer or dismiss an initiating pleading.   *See Trujillo v. Williams*, 465 F.3d at 1223 n. 16; *In re Cline*, 531 F.3d at 1252 (weighing *Trujillo* factors).   The first of these factors is whether a new petition would be time-barred at this point.   *See Haugh v. Booker*, 210 F.3d at 1150. According to the Oklahoma docket (Doc. 4-1), Petitioner began serving three consecutive 60-month sentences in 2010 (Doc. 4-1, p. 2), and his term of imprisonment has not been reduced.

2

His § 2241 claims, therefore, are not even ripe, much less time-barred.

Another factor is whether Petitioner's habeas corpus claims "are likely to have merit." *Trujillo*, 465 F.3d at 1223 n. 16; *Haugh*, 210 F.3d at 1150 n. 4.  As noted above, the Oklahoma docket contains no indication that Petitioner's 180-month term of imprisonment has been reduced. No opinion is expressed or implied herein as to whether Petitioner might ultimately prevail on his § 2241 claims, but his allegations of eligibility for release do not appear "likely to have merit." *Trujillo*, 465 F.3d at 1223 n. 16.  And third, for this same reason, the Court has no basis to conclude that Petitioner filed his petition in good faith.  *See Trujillo*, 465 F.3d at 1223 n. 16; *Trierweiler v. Croxton & Trench Holding Co.*, 90 F.3d 1523, 1544 (10th Cir. 1996).

Because the *Trujillo* factors weigh in favor of dismissal rather than transfer, and in the interest of justice, *see* § 1631, Petitioner's petition will be dismissed for lack of jurisdiction.  The dismissal is without prejudice to Petitioner's right to seek relief under 28 U.S.C. § 2241 in the district where he is incarcerated, *see United States v. Buck*, No. 99-2129, 1999 WL 811685, at **2 (10th Cir. Oct. 12, 1999), on a claim "that the execution of his sentence violates federal law or the Constitution."  *United States v. Miller*, 594 F.3d 1240, 1242 (10th Cir. 2010).

IT IS THEREFORE ORDERED that Defendant's Motion for Release Pending Disposition of 2255 Proceeding (Doc. 1) is DISMISSED without prejudice for lack of jurisdiction, and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE